UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY TEJADA,<br><br>   Plaintiff,<br><br>   v.<br><br>S. CALDERON,<br><br>   Defendant. | Case No. 1:21-cv-01112-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 28) |

Plaintiff Randy Tejada ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On March 21, 2022, Plaintiff filed a motion for appointment of counsel. (ECF No. 28.) Plaintiff requests appointment of counsel because he does not know the law well enough to proceed. (*Id.*).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.[1]

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 28) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 23, 2022**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion states that he has "from now and 5-24-22 to start and exhaust any motions necessary to help me in my case." (ECF No. 28 at 1.) This appears to refer to the deadline for exhaustion motions which, as explained in the Scheduling Order, is "[t]he deadline for Defendant(s) to present any challenge for failure to exhaust administrative remedies[.]" (ECF No. 26 at 5.) Plaintiff is not required to file "any motions necessary to help" him by this deadline. Plaintiff is encouraged to carefully review the Scheduling Order's explanations regarding the deadlines in this case.