|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RANDY TEJADA,<br><br>          Plaintiff,<br><br>    v.<br><br>S. CALDERON,<br><br>          Defendants. | Case No. 1:21-cv-01112-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT: 1) THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE; AND 2) ALL OUTSTANDING MOTION(S) BE DENIED AS MOOT<br><br>(ECF No. 36).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Randy Tejada ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claim for excessive force against Defendant S. Calderon ("Defendant"). (ECF No. 9, 10). Plaintiff's complaint generally alleges that Defendant discharged his weapon, without notice or attempting less forceful means, which caused a "Direct Impact Round" to strike Plaintiff in the head. (*See id.*)

On November 23, 2022, Defendant filed a motion for summary judgment. (ECF No. 36). Defendant argues that he is entitled to summary judgment because the application of force

1

applied by Defendant was necessary in order to stop an altercation between Plaintiff and another inmate after both inmates failed to comply with verbal orders. (*Id.*, pp. 7-8). Moreover, Defendant argues that he employed the only use of force option available to him based on a reasonable belief that allowing the altercation between Plaintiff and the other inmate to continue could lead to serious injury and "a larger, more dangerous situation, which would put [Defendant's fellow officer] in particular peril." (*Id.*, pp. 14-15). Defendant contends that Plaintiff's own testimony "describes an emergency situation." (*Id.*, p. 16).  Defendant also argues that he is entitled to qualified immunity. (*Id.*, p. 17).

On December 12, 2022, Plaintiff filed a motion requesting a sixty-day extension to oppose Defendant's motion. (ECF No. 37). The Court granted Plaintiff's request. (ECF No. 38). On April 3, 2023, the Court ordered Plaintiff to file an opposition or a statement of non-opposition within thirty days. (ECF No. 39). The Court warned Plaintiff that if he failed to comply with the order, in ruling on Defendant's motion for summary judgment, "the Court may treat the facts asserted by Defendant as 'undisputed for the purposes of the motion.'" (*Id.*, p. 1) (citing Fed. R. Civ. P. 56(e)(2)). Alternatively, "if Plaintiff fail[ed] to oppose the motion or file a statement of non-opposition, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order." (*Id.*)

Plaintiff's thirty-day deadline has passed, and Plaintiff has once again failed to file an opposition or a statement of non-opposition. Accordingly, the Court will recommend that this action be dismissed, without prejudice, for failure to comply with a court order and to prosecute this case. The Court will also recommend that all outstanding motion(s) be denied as moot.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Id.* Here, Plaintiff's repeated failure to respond to Defendant's motion for summary judgment, despite being ordered to do so by the Court, is consuming the Court's limited time. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file to respond to Defendant's motion for summary judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* application, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

//
//
//
//

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and prosecute this case; and
2. All outstanding motion(s) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 12, 2023**                         /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

4